NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO ORTIZ-ALFARO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | Nos.  14-70542 <br>         14-71245 <br><br> Agency No. A029-677-022 <br><br> MEMORANDUM* |

On Petition for Review of an
Immigration Judge's Decision

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Alejandro Ortiz-Alfaro, a native and citizen of Mexico, petitions for review

of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he

did not have a reasonable fear of persecution or torture in Mexico, and thus is not

entitled to relief from his reinstated removal order. We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the Board of Immigration Appeal's ("BIA") determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petitions for review.

As to petition for review No. 14-70542, we deny as moot.

As to petition for review No. 14-71245, Ortiz-Alfaro is ineligible to apply for asylum because he is in reinstated removal proceedings. *See Perez-Guzman v. Lynch*, 835 F.3d 1066 (9th Cir. 2016).

Substantial evidence supports the IJ's determination that Ortiz-Alfaro did not establish a reasonable possibility of persecution in Mexico on account of his membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group); *Delgado-Ortiz v. Holder*,

600 F.3d 1148 (9th Cir. 2010); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Ortiz-Alfaro did not demonstrate a reasonable fear of persecution. *See* 8 C.F.R. § 1208.31(c) (a reasonable fear of persecution is established by showing a reasonable possibility of persecution on account of an enumerated ground). We decline Ortiz-Alfaro's request to remand to the agency for further consideration of *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014).

Substantial evidence also supports the IJ's determination that Ortiz-Alfaro failed to establish a reasonable possibility of torture. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (CAT claim failed where evidence indicated that torture occurred in the country of removal, but no evidence that petitioner himself would likely be tortured).

We reject Ortiz-Alfaro's contentions that the IJ applied incorrect standards or otherwise erred in evaluating his claims.

We do not consider materials referenced in the opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITIONS FOR REVIEW DENIED.**

14-70542